Matthew D. Owdom  #258779
OWDOM LAW FIRM
632 West Oak Avenue
Visalia, California 93291
Telephone:  559.750.5224
matt@owdomlawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| RAYMOND HENRY JR.; MELANIE HENRY;<br><br>Plaintiff,<br><br>vs.<br><br>EVAPCO INC., a Maryland Corporation; REGINA HENRY; and Does 1 - 50, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR INJUNCTIVE, EQUITABLE AND DECLARATORY RELIEF |

COME NOW Plaintiffs Raymond Henry Jr. and Melanie Henry (sometimes collectively referred to herein as *Plaintiffs*) and allege the following by way of Complaint:

**PARTIES**

1.  Plaintiff Raymond Henry Jr. (sometimes referred to herein as *Raymond Jr.*) is a resident of Madera County, California.

2.  Plaintiff Melanie Henry (sometimes referred to herein as *Melanie*) a resident of Tulare County, California. Plaintiffs are the children of decedent Raymond Henry Sr. (*Mr. Henry*).

3.  Defendant Regina Henry (*Regina*) is a resident of Madera County, California.

4.  Mr. Henry worked for many years at EVAPCO Inc. (*Evapco*), a company specializing in industrial coolers, evaporators, and condensers. EVAPCO WEST, one of EVAPCO's Divisions, is headquartered in Madera, California. Mr. Henry made his career at Evapco in Madera for decades.

5.  Regina Henry (*Regina*) was Plaintiff's stepmother. Regina had an adversarial relationship with Plaintiffs. Upon meeting Melanie, Regina took Melanie aside and said, "*I'm* the only woman in your father's life."

6.  Plaintiffs are informed and believe and thereon allege that Regina's relationship with Mr. Henry was marred by infidelity by Regina. Several years after they were married, Mr. Henry discovered these instances of infidelity and filed a divorce proceeding in Madera County Superior Court. However, the divorce proceeding was never finalized.

7.  In November 2008, Mr. Henry executed an Evapco Beneficiary Designation Form (*the BDF*) a true and correct copy of which is attached hereto as Exhibit A. As set forth in the BDF, Mr. Henry allocated his Evapco Employee Stock Ownership Plan (*ESOP*) benefits as follows:

**Regina: 10%**

**Raymond Jr.: 45%**

**Melanie: 45%**

8.  As is clear on the face of page two of the BDF, Regina signed the document. Plaintiffs are informed and believe that Regina accompanied Mr. Henry to the Evapco West office in Madera in 2008, where she executed the BDF. On various instances following the execution of the BDF, Regina admitted that she had knowledge that she was only a fractional beneficiary under the BDF.

9.  Mr. Henry was diagnosed with cancer in early 2019, while still employed by Evapco. Plaintiffs are informed and believe that Mr. Henry went to the Evapco West location in Madera on

1 several occasions in an attempt to discuss cashing out his ESOP Plan. Plaintiffs are further
2 informed and believe that he was discouraged by Evapco staff, who stated he would be highly
3 penalized.

4     10. Prior to his death in August 2019, Mr. Henry informed Plaintiffs that they would be
5 "taken care of." Plaintiffs always enjoyed a close, loving relationship with Mr. Henry. Plaintiffs
6 were consistently present with Mr. Henry during his cancer treatment and hospice stay prior to his
7 death. Mr. Henry succumbed to cancer in August 2019.

8     11. On the very day of Mr. Henry's death, indeed mere hours after his death, while
9 Plaintiffs were mourning, Regina called Evapco to ask about her share of Mr. Henry's Evapco
10 ESOP benefits. Plaintiffs are informed and believe, and thereon allege, that Regina was seen
11 crying or distraught after Mr. Henry's death because Mr. Henry "never changed the benefits" to
12 make her sole beneficiary. Mr. Henry had also removed Regina from his life insurance policy prior
13 to his death, which went to Plaintiffs, his children, rather than Regina. He did leave Regina real
14 property and other personal property in order to provide for her. However, his intent as to the
15 Evapco ESOP funds was clearly as set forth in paragraph 5, above, to wit, that Plaintiffs were 90%
16 beneficiaries, and Regina was a 10% beneficiary.

17     11. Mr. Henry was a punctilious man. He always paid his bills on time. While in the
18 hospital and hospice, he ensured that all his bills were paid. He meticulously organized his
19 garage. If he - for any reason - believed that a notarial acknowledgment was necessary for the
20 BDF form, he would have obtained it. Plaintiffs are informed and believe and thereon allege that,
21 in lieu of a notarial acknowledgment, he took Regina to the Evapco West location to sign the form
22 in compliance with the instructions thereon.

23 <center>**JURISDICTION AND VENUE**</center>

24     12. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331
25 because it is a civil action arising under the laws of the United States, and pursuant to ERISA §
26 502(e)(1), 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under
27 Title I of ERISA. 5. This court has personal jurisdiction over Defendant because it's EVAPCO
28 WEST division is headquartered in Madera County, California. EVAPCO, transacts business in

and has significant contacts with this District, and because ERISA provides for nationwide service of process, ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). This Court also has personal jurisdiction over Defendant pursuant to Fed. R Civ. P. 4(k)(1)(A) because it would be subject to the jurisdiction of a court of general jurisdiction in Madera County, California, within the Eastern District of California.

13.  Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some or all of the violations of ERISA occurred in this District and Defendant's EVAPCO WEST headquarters is located in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because Defendants resides and/or do business in this District, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

I.

**FIRST CAUSE OF ACTION**

**CLAIM FOR EQUITABLE RELIEF UNDER ERISA § 502(a)(3)**

14.  Plaintiffs restate and re-allege the foregoing paragraphs as if fully set forth in this cause of action.  The ESOP meets the definition of an "employee pension benefit plan" under ERISA.  Evapco and their agents are fiduciaries as such term is defined by ERISA.  29 U.S.C. § 1002(21).  Mr. Henry's ESOP was self-administered by Evapco; no third-party fiduciary was employed by Evapco.

15.  Page 2 of the BDF, Exhibit 1 hereto, contains a "CONSENT BY SPOUSE" portion advising the employee "Signature must be witnessed by Plan official [Officer, Managing Partner or Sole Owner of the Employer] or by notary public." The BDF further provides for a "Notary Seal, *if applicable*." (Exhibit A, p. 2, lower right-hand side of document; Emphasis added).  Finally, and separately from other issues concerning the beneficiaries, there appears to be faint writing on two lines where the form provides "Signature witnessed by: _____; Title: _____". (Exhibit A, p. 2, lower left-hand side of document).

16.  Following Regina's call to Evapco on the day of his death, Regina called Plaintiffs' aunt (and the decedent's sister), a Ms. Rice, and told Ms. Rice that Plaintiffs needed to contact

COMPLAINT

Evapco because they were beneficiaries of Mr. Henry's ESOP benefits. When Plaintiffs subsequently called the Evapco number provided by Regina, an Evapco representative, Anne Muldoon, then informed Plaintiffs that they were beneficiaries of Mr. Henry's ESOP benefits in the proportions set forth in paragraph 5, above, and that claim forms would be provided to Plaintiffs. Plaintiffs subsequently filled out claim forms.  Approximately one week later, Plaintiffs were informed by Evapco General Counsel that Regina, apparently represented by a Fresno attorney, had raised "questions" regarding the benefits, that the claim procedure would be that of a contested claim, and that Ms. Muldoon had made a "mistake" during the previous phone call. Plaintiffs

17. On October 3, 2019, Evapco issued a "Memorandum of Decision" (*MOD*) holding that, while Regina had signed the BDF, it was invalid solely because it was not notarized. The MOD failed to note that the BDF provided that the signature could be witnessed by various Evapco personnel, and that the BDF form contradicted Section 7.7 of the ESOP.  The MOD noted that the value of Mr. Henry's ESOP was approximately $1,078,103.40, which ESOP had been liquidated with the funds placed in a segregated Wells Fargo account pending the resolution of this dispute (*the ESOP proceeds*).  Plaintiffs filed an administrative appeal and sought the opportunity to engage in discovery during the administrative process, which EVAPCO denied. This action followed.

18. The function of notarization is to ensure authenticity of a signature, *viz.*, that the person whose signature appears on a document is the person who actually signed it.  In the instant case, there is presently no dispute that Regina executed the document, as indicated by EVAPCO's own MOD.

19. ERISA requires that a fiduciary "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use…" 29 U.S.C. § 1104(a)(1)(B).

20. Plaintiffs are informed and believe and thereon allege that Evapco, as administrator, breached its fiduciary duties to Plaintiffs as follows:

COMPLAINT

    a.    By communicating benefit options, specifically, the requirements for Mr. Henry to designate beneficiaries, to Mr. Henry in a misleading fashion through individuals, to wit, Evapco employees, who were authorized to communicate as fiduciaries, or agents of fiduciaries pursuant to Evapco's self-administered ESOP;

    b.    By communicating benefit options, specifically, the requirements for Mr. Henry to designate beneficiaries, to Mr. Henry in a misleading fashion through writing, to wit, page 2 of the BDF Form, which conflicts with ESOP Plan provision 7.7 referenced in Evapco's denial of benefits to Plaintiffs'

    c.    By failing to communicate to Mr. Henry or the beneficiaries during his employment, for instance during yearly renewals, or status updates, that there were any issues with the BDF or its validity, either vis-a-vis Section 7.7 of the ESOP Plan or ERISA;

    d.    By negligently hiring and/or retaining a "payroll/benefits coordinator" which, as agent of the administrator, provided inaccurate information which led to the denial of benefits to Plaintiffs;

    e.    By failing to provide complete and accurate information in the ESOP Plan regarding the impact on beneficiaries due to failure to notarize the BDF;

    f.    By negligently training a "payroll/benefits coordinator" which, as agent of the administrator, provided inaccurate and/or misleading information, and/or failed to provide correct information to Mr. Henry, which led to the denial of benefits to Plaintiffs;

21.    As an actual and proximate cause of the above-referenced acts and omissions of Evapco, Plaintiffs have been damaged.

22.    Plaintiffs are informed and believe and thereon allege that Mr. Henry's ESOP proceeds are in the possession of either Evapco or Regina. Plaintiffs seek an temporary, preliminary and permanent injunction prohibiting the transfer of the ESOP proceeds to any third parties; an equitable lien and a resulting constructive trust as to Mr. Henry's ESOP proceeds, such

COMPLAINT

that Plaintiffs may recover said specific funds as intended by their father, Mr. Henry, as set forth in the BDF.  Does 1-50 herein are the individuals or entities that may receive or possess said funds, and they will be added as applicable in the event the funds are transferred.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

**ON ALL CAUSES OF ACTION FOR PLAINTIFF:**

1. For a temporary restraining order, preliminary injunction, and permanent injunction enjoining Evapco, Regina or Does 1-50 from transferring the ESOP proceeds to any third parties;

2. For an equitable lien as to Mr. Henry's ESOP proceeds, as against 90% of the current value of said proceeds, comprising a 45% lien as to each Plaintiff;

3. For a resulting constructive trust and order that said ESOP proceeds subject to equitable lien be transferred to Plaintiffs in their respective proportionate shares;

4. For costs of suit, including expert costs as permitted by statue, in addition to prejudgment interest;

5. For attorney's fees;

6. For such other legal or equitable relief as the Court may deem just and proper.


Dated: January 6, 2020            /s/ Matthew D. Owdom
                                  OWDOM LAW FIRM
                                  By: Matthew D. Owdom
                                  Attorney for Plaintiff

COMPLAINT